UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BILLY GENE DRAKE,

                       Petitioner,                    Case Number 2:13-CV-14281
                                                              Honorable Gershwin A. Drain

v.

STEVEN RIVARD,[1]

                       Respondent.
_____/

ORDER OF SUMMARY DISMISSAL WITHOUT PREJUDICE

This is a habeas corpus petition filed by a state prisoner. Petitioner is serving a controlling sentence of life imprisonment for his St. Clair Circuit Court convictions of first-degree murder, MICH. COMP. LAWS § 750.316; assault with intent to commit murder, MICH. COMP. LAWS § 750.83; and possessing a firearm during the commission of a felony. MICH. COMP. LAWS § 750.227b. The petition claims that: (1) trial counsel was ineffective for failing to investigate and present a manslaughter defense instead of an alibi defense; (2) the trial court erroneously refused to reread testimony to the jury during its deliberations; (3) trial counsel was ineffective for failing to present a DNA expert witness; and (4) appellate counsel was ineffective for failing to present these issues to the Michigan Court of Appeals during Petitioner's appeal of right.

---

[1] Petitioner is an inmate at the St. Louis Correctional Facility. The only proper respondent in a habeas case is the habeas petitioner's custodian, which in the case of an incarcerated habeas petitioner is the warden of the facility where the petitioner is incarcerated. *See Edwards v. Johns,* 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006); *See also* Rule 2(a), 28 U.S.C. § 2254. Therefore, the Court substitutes Warden Steven Rivard in the caption.

1

Upon the filing of a habeas corpus petition, the Court must promptly examine the petition to determine "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . ." Rule 4, Rules Governing Section 2254 Cases. If the Court determines that the petitioner is not entitled to relief, the Court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). Petitioner's application for habeas relief contains only unexhausted claims; therefore, the petition will be dismissed.

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), cited in *Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The district court can and must raise the exhaustion issue sua sponte when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418,

2

1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39. Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Petitioner admits in his petition that he has not exhausted his state court remedies with respect to any of the claims he raises in his petition. On direct appeal, Petitioner's counsel filed an appellate brief raising three claims: (1) trial counsel was ineffective for failing to object to the admission of hearsay; (2) the trial court erroneously failed to instruct the jury on the lesser offense of manslaughter; and (3) Petitioner's confrontation rights were violated by the admission of hearsay. The Michigan Court of Appeals denied relief in an unpublished opinion. *People v. Drake,* No. 303941 (Mich. Ct. App. June 19, 2012). Petitioner filed an application for leave to appeal in the Michigan Supreme Court, where he alleges that he raised his instant habeas claims for the first time. The Michigan Supreme Court denied leave to appeal. *People v. Drake*, No. 145780 (Mich. Sup. Ct. December 26, 2012).

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). The presentation of Petitioner's claims to the Michigan Supreme Court without first presenting them to the Michgian Court of Appeals does not satisfy the exhaustion requirement. See, e.g., *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). Petitioner still has a procedure available to him to present his habeas claims to the state courts because he may still file a motion for relief from judgment in the trial court under Michigan Court Rule 6.501. If he does not obtain relief in the trial court, he may appeal the decision through the state appellate courts. See MCR 6.509.

Under *Rose v. Lundy*, 455 U.S. 509, 522 (1982), district courts are directed to

dismiss petitions containing unexhausted claims without prejudice in order to allow petitioners to return to state court to exhaust remedies. However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, see 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review. This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition. As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions. See *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. *Id.*; see also *Rhines v. Weber*, 544 U.S. 269, 277 (2007) (approving stay-and-abeyance procedure); *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court, and the Michigan Supreme Court denied his application for leave to appeal on December 26, 2012. Petitioner did not petition for certiorari to the United States Supreme Court, though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A). See *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day

period expired on March 26, 2013. Accordingly, absent tolling, Petitioner would have one year, until March 26, 2014, in which to file his habeas petition.

The *Palmer* Court has indicated that thirty days is a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Palmer*, 276 F.3d at 781. See also *Griffin*, 308 F.3d at 653 (holding that sixty days amounts to a mandatory period of equitable tolling under *Palmer*). Petitioner has more than sixty days remaining in his limitations period. Assuming that Petitioner diligently pursues his state-court remedies and promptly returns to this Court after the Michigan Supreme Court issues its decision, a period in which the limitations period will be tolled under 28 U.S.C. § 2244(d)(2), he is not in danger of running afoul of the statute of limitations. Therefore, a stay of these proceedings is not warranted. Should Petitioner decide not to pursue his unexhausted claims in the state courts, he may file a new petition raising only exhausted claims at any time before the expiration of the limitations period.

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability ("COA") is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings now requires a district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on the merits of the claims presented, a certificate may issue if the petitioner demonstrates that reasonable jurists would find the district court's assessment

of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). However, when a district court denies habeas relief on procedural grounds without reaching the petitioner's constitutional claims, a certificate may issue if the petitioner shows that jurists of reason would find it debatable whether (1) the petition states a valid claim of a denial of a constitutional right; and (2) the district court was correct in its procedural ruling. *Id.* at 484-85.

In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition should be summarily dismissed without prejudice. Therefore, the Court denies a certificate of appealability.

Accordingly, for the foregoing reasons,

**IT IS ORDERED**, that the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**;

**IT IS FURTHER ORDERED**, that a certificate of appealability is **DENIED**.

                                                  s/Gershwin A Drain
                                                  Gershwin A. Drain
                                                  United States District Court

Dated: October 28, 2013